St. Petersburg Land and Loan Co., a Corporation, *Plaintiff in Error*, v. J. S. Shallcross and E. A. Donovan, *Defendants in Error*.

Opinion Filed November 18, 1922.

1. In an action against a corporation upon a contract of employment as agent to find a purchaser for lands of the corporation, the burden of proof under the general issue is upon the plaintiff to establish the existence of the contract, performance by plaintiff and breach by the defendant.

2. When a person is employed by the vice president of a corporation to find a purchaser for lands belonging to the corporation and an action is brought by the person employed against the corporation for breach of the contract, the plaintiff is required to show under the general issue the authority of the vice president of the corporation to make the contract in the corporation's name.

3. The power of an officer of a corporation to bind it by a contract for the sale of its real estate cannot be shown by the declaration of such officer.

4. When a person is employed by another to find a purchaser for real estate belonging to the employer, the person employed must produce a purchaser ready, willing and able to purchase upon the terms and at the price fixed by the agreement of employment, before he can recover in an action for a breach of the contract the value of the services rendered.

A Writ of Error to the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Judgment reversed.

*C. E. Spear* and *John I. Viney*, for Plaintiff in Error;

*E. F. Wilson* and *E. J. Mack*, for Defendant in Error.

ELLIS, J.—This was an action brought in the Circuit Court for Pinellas County by Shallcross and Donovan against the St. Petersburg Land and Loan Company for damages for breach of contract in which it was alleged that the defendant corporation employed the plaintiffs, as real estate agents and brokers "in selling and finding a purchaser" for certain real estate in Pinellas County, known as the "Hoxie Grove" for the sum of $55,000.00.

It was alleged in the declaration that the defendant agreed to pay the plaintiffs a commission of 5% on the first $10,000.00 and 2½% commission on the balance of the selling price for their services.

The declaration contained three common counts and one special count on the contract. The defendant interposed pleas of the general issue.

It was alleged in the declaration that the plaintiffs found a purchaser who was ready, willing and able to purchase the property at the price named, the purchaser paying $1,000.00 of the purchase price as earnest money, but that the defendant refused to sell to the purchaser found by the plaintiffs.

The burden of proof was upon the plaintiffs to establish the existence of a contract, the performance of their agreement and the breach by the defendant.

The evidence shows that the defendant was a corporation and that the stockholders consisted of several persons, among whom was a Mr. Blackburn, who was vice president. He was one of nine stockholders including the heirs of the Murphy estate. That Mr. Blackburn engaged the plaintiffs to sell the property at the price named on the "usual terms," which was shown to be on the basis of 5% commission on the first $10,000.00 and 2½% on all above that sum.

That Mr. Donovan, to whom Mr. Blackburn had spoken about the sale of the place procured a purchaser named Chaddick, who agreed to buy the property at the price named and gave to Mr. Donovan his check for $1,000.00 in earnest of the bargain, which check Mr. Donovan never converted into money. And that when he informed Mr. Blackburn of the sale the latter told him that the corporation declined to sell at that price.

Mr. Donovan testified that Mr. Chaddick was ready, willing and able to purchase the property at the price agreed upon, but on cross examination he stated that that knowledge was based upon the fact that Mr. Chaddick had bought other property and and that he was associated with people who were financially able.

There was a verdict and judgment for the plaintiffs in the sum of $1,625.00. The defendant moved for a new trial upon several grounds, among which were that the verdict was unsupported by the evidence, that the agency of Mr. Blackburn for the St. Petersburg Land and Loan Company had not been established and that Mr. Chaddick had not been shown to be a person who was ready, willing and able to buy the property at the price named.

There is nothing in the evidence to show Mr. Blackburn's authority from the corporation either to employ the plaintiffs to sell the property, or to fix the price of same, nor do we regard the evidence as to Mr. Chaddick's readiness, willingness and ability to, purchase the property at the price alleged in the declaration, as sufficient. The authority of Mr. Blackburn to bind the corporation by the contract alleged in the declaration was one of the essential · elements in the plaintiff's case necessary for them to establish.

The authority of Mr. Blackburn to act for the corporation in that regard could not be shown by his own declarations as to such power without showing that such actions were known to the executive officer of the corporation and that it had ratified his conduct by acquiescence therein. See Chase & Co. v. Miller, 81 Fla. 472, 88 South. Rep. 312; Griffin v. Societe Anoñyme La Floridienne, 53 Fla. 801, 44 South. Rep. 342.

The motion for a new trial should have been granted and the court's refusal was error. The judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.