ELEANOR K. JONES, a free dealer, *Appellant*, v. WALTER C. HARDESTY, INC., a corporation organized and existing under the laws of the State of Florida, *Appellee.*

Division B.

Opinion filed July 8, 1930.

*Jones & Green,* for Appellant;

*Walter C. Hardesty,* for Appellee.

BUFORD, J.—In this case Eleanor K. Jones, a free dealer, filed her third amended bill of complaint in which after

alleging that she was a naturalized citizen of the United States, having come to this country from Austria-Hungary when she was 48 years of age, and that she did not understand any of the English language until after she was 50 years of age, that she is now 64 years of age and can understand very little English language and that, being almost blind, she can read only short and simple sentences written in the English language, she further alleged in substance that she inspected a certain lot known as Lot 4, Block 23, in the sub-division known as Rio Vista Sub-division, under the guidance and direction of the authorized agent of the owners of the property and that after inspection of the property the owners by their agent agreed to sell the lot to her for $5,600.00 and she agreed to buy the lot at that price; that she paid the sum of $10.00 to bind the bargain and later paid the sum of $550.00 and gave her notes payable and maturing in the amount of $300.00 per year thereafter until the total purchase price of 5,600.00 was paid; that after she had agreed to purchase the lot (while actually on it) the same agents of the owners came to her place of abode at DeLand and there secured execution of a written agreement for deed and notes and also procured the payment of the additional $500.00 of the purchase price and that he represented to her that the description contained in the contract was the description of the lot which she had inspected and agreed to purchase, when in truth and in fact the description in the contract was the description of another lot, to wit: Lot 4, Block 33 of the subdivision and was the description of a lot which the complainant has never inspected nor intended to purchase. It is alleged that the agent wilfully, knowingly and intentionally made the misrepresentation of the description contained in the contract for the purpose of cheating and defrauding the complainant.

It is further alleged that the complainant did not know of the discrepancy and deceit and fraud that had been practiced upon her until about 5 months after the execution of the contract and notes and the payment of the money. She alleges that the lot described in the contract was of practically no value and was not at all suitable for her purposes, while the lot which she inspected and agreed to purchase was a valuable lot and suitable for her purposes.

It is alleged that immediately upon discovery of the misrepresentations and upon ascertaining that the contract did not describe the lot which she had agreed to purchase, she demanded of the defendant the return of the money paid on the agreement for deed and to be placed otherwise in status quo and then and there offered to and was then and there ready, able and willing to return to the defendant the lot described in the contract and otherwise to do equity and place the defendant in status quo. But, the defendant refused to comply with her demand. She further alleges that she continued to make such demands up until the time of the institution of this suit. She prayed cancellation and rescission of the contract and offered to place the defendant in status quo. She prayed for an accounting between the parties and that the defendant be required to return the money received by the defendant from the complainant.

There was a demurrer to the bill of complaint which was sustained and the bill dismissed. From this order appeal was taken.

In Langley v. Irons Land and Development Company, 94 Fla. 1010, 114 So. R. 769, which was a case involving facts very much like those alleged in the instant case, this Court say:

"Innocent Misrepresentation of Fact. According to the weight of authority, misrepresentation of material facts, although innocently made, if acted on by the

other party to his detriment will constitute a sufficient ground for rescission and cancellation in equity. The real inquiry is not whether the party making the representation knew it to be false, but whether the other party believed it to be true and was misled by it in making the contract; and, whether the misrepresentation is made innocently or knowingly, the effect is the same. It is as conclusive a ground of relief in equity as a wilful and false assertion, for it operates as a surrise and imposition on the other party; and in such case the party must be held to his representations.

"Equity will grant relief by way of rescission or cancellation, from a contract or conveyance based upon a substantial misunderstanding of the parties as to the subject matter of the contract, though the mistake was entirely innocent on both sides and there was no fraud or misrepresentation.

"In a sale of real estate if one party believes he is buying a particular piece of property while the other thinks he is selling another piece, there is no meeting of minds so as to constitute a valid contract. Thus, for instance, if the purchaser desiring to inspect the property before completing the bargain, has a particular lot pointed out to him, which is satisfactory and which he supposes he is to acquire, but by accident or mistake he is shown the wrong lot, that is, a lot different from that which the vendor understands he is selling and which is described in the deed, it is a case in which equity may give relief on the ground of mutual mistake.

"When the vendor sells real estate simply by the description contained on the face of the title papers, he is not accountable for a mistake of fact resting wholly in the mind of the other party as to the location or boundaries. But if he undertakes to point out to the purchaser its location or boundaries and rep-

resents that a stated description covers the lands so designated, he does so at his peril. If he makes a mistake, he must be accountable. When such a mistake prevents a meeting of the minds, rescission will be decreed, even though there was no fraudulent intent, unless the misake resulted wholly from a lack of that degree of diligence on the part of the purchaser which would be exercised by a person of reasonable prudence under the same circumstances.''

It appears that the allegations in the bill of complaint of this case come well within the rules enunciated in the opinion in the case, excerpts from which are above quoted, and, therefore, the order sustaining the demurrer and dismissing the third amended bill of complaint should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.