## STAR APARTMENT, Inc. v. MARTIN.

### No. 14144.

United States Court of Appeals
Fifth Circuit.

June 5, 1953.

Simon Englander, Miami Beach, Fla., Englander & Hoffman, Miami Beach, Fla., for appellant.

Judah Braunstein, New York City, David Koller, Miami, Fla., Brown & Koller, Miami, Fla., for appellee.

Before BORAH, RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This action was brought to rescind an executory contract for the sale of an apartment building in Miami, Florida, and to recover the sum of $10,000 paid by plaintiff as part of the purchase price. The appeal is from a summary judgment in favor of plaintiff, who was vendee in said contract, the defendant being the vendor.

The grounds for rescission are that the terms of a first mortgage on the property are in fact more onerous than specified in the contract of sale, and that leases existing on many of the apartments in the building, extending beyond the closing date of the sale, but not mentioned in the contract of sale, constitute additional and undisclosed encumbrances, all of which render it impossible for the vendor to pass title in accordance with the contract of sale.

The contract of sale in effect provides that the vendee shall take the property subject to a first mortgage of approximately $46,000, principal and interest payable at

the rate of $603.05 monthly, with "a 1% penalty clause for prepayment of the mortgage."

When the abstract was examined, it showed that the ·mortgage itself requires that in addition to said monthly payment on account of principal and interest, the "mortgagor will deposit with the mortgagee, on the first day of each month, beginning on the 1st day of February, 1949, one-twelfth of :. the amount (as estimated by the mortgagee) which will be sufficient to pay taxes, special assessments and other charges on the real estate that will become due and payable during the ensuing year plus the amount necessary to purchase required insurance for one year." Failure to make these deposits is a breach of the mortgage, for which it may be foreclosed. This is an additional and substantial requirement, not mentioned in the contract of sale.

Although the mortgage provides that payments may be anticipated upon the payment of a 1% penalty, as stated in the contract of sale, the contract does not mention the fact that such prepayments are limited by the mortgage itself to 20% of the original amount of the debt in any twelve month period, thus precluding prepayment in full if desired by the purchaser, which the above quoted contract provision would indicate could be done at any time upon the payment of a 1% penalty.

Contemporaneously with the execution of the first mortgage, the mortgagor, defendant below, executed to the mortgagee as additional security for the mortgage debt, an "Assignment of Rents and Profits," in part reproduced below,[1] which was duly recorded in the public records along with the mortgage. This assignment, nowhere mentioned in the contract of sale, constitutes an additional and substantial burden upon the enjoyment of the title.

Moreover, 15 of the 19 apartment units in the building in question, were leased to tenants for terms extending beyond the closing date of the sale, of which there was no mention in the contract. Five of these leases were entered into after execution of the contract of sale. These leases also constituted additional encumbrances justifying rescission. 55 Am.Jur. "Vendor and Purchaser," page 689, sec. 232.

■■ Upon learning of the matters above mentioned, the vendee refused to accept the title, and brought this suit to recover the down payment on the purchase price, for which he was awarded summary judgment below. As the title tendered by the vendor differed materially from the title he contracted to deliver, the vendee was entitled to' rescind. There being no genuine issue of fact as to these matters, summary judgment was appropriate.

■■ ˙Appellant's argument is that the recitals of the contract of sale were merely representations, not warranties, and that since the mortgage and assignment of rents were matters of public record, this was sufficient notice to appellee as to their contents. But this argument overlooks the fact that appellant contracted to deliver to appellee the title specified in the contract of sale, which he can not do. There was no duty upon the vendee to search the public records to ascertain whether the vendor could perform his obligation. Of course, as between the mortgagee and third parties the recorded mortgage and assignment constitute notice. That fact, however, does not relieve appellant of his obligation to

---

1. The assignment covers "all the rents, issues and profits due or to become due, crops, produce and rents of, on and from the said premises, and hereby transfers and sets over unto Company, its successors, and assigns, all leases, tenancies and contracts, oral and written, now or hereafter existing, in connection with said premises. Company is hereby given full power and authority to operate, maintain, manage and lease said premises, or any part thereof, to take possession thereof in its own name, or in the name of an agent, or in the name of Owner, collect all of the rents, issues and profits, and apply any sums realized as hereinafter set out. Owner expressly authorizes tenants, lessees, and all others having any interest in said˙premises to pay to Company or order all sums due, or to become due, under leases, contracts and agreements, heretofore or hereafter made, and Company is hereby authorized to give, for and in behalf of Owner, full receipt and acquittance for any payment so made."

his vendee to deliver the title described in the contract of sale. Davis v. Dunn, 58 So.2d 539, relied upon by appellant, is inapposite.

Affirmed.