PIERCE, Judge.
This is an appeal by Ralph Sutton, Rose Sutton and Abraham Peskin, appellants herein, defendants in the Court below, from a final decree entered by the Pinellas County Circuit Court in a suit brought by appellee, Cast-Crete Corporation of Florida, a Florida corporation, plaintiff below.
Defendants below will be herein referred to as the Lessors, and plaintiff below will be herein referred to as Lessee. By *557 amended complaint, Lessee sought the cancellation of a certain 99 year lease dated February 19, 1959 from Lessors to Lessee, and also a deed dated February 17, 1959 from and to the same parties for additional property which was acquired for the sole purpose of affording access to the leased property.
Two main grounds for rescission were alleged, viz: (1) that a parcel of the land included in the lease description, approximating 6.9% of the whole tract, had previously been conveyed to a third party, the inclusion of which in the lease was with full knowledge of the Lessors who had thereby falsely represented to the Lessee that they were the owners thereof, with intent that Lessee would rely on such representation, and that Lessors were thereupon guilty of fraud; and (2) that most of the land described in the lease and the ■deed was submerged land in navigable water, in consequence whereof Lessors had no title to lease or to convey.
By answer, the Lessors generally denied the allegations of the amended complaint, and alleged that Lessee had either personally viewed the premises and was cognizant •of “all conditions” connected with the property or had full opportunity so to do prior to closing the transaction, and therefore was estopped or was guilty of laches. Lessors incorporated a counterclaim against the Lessee in their answer, claiming past due rents from Lessee, and also attorneys’ fees. Lessee answered the counterclaim and denied any indebtedness to Lessors.
Extensive testimony was taken upon the issues personally before the Court, pursuant to which the Chancellor entered final •decree, incorporating therein his findings •of fact. The findings in substance were: (1) that the property in question was upland property at the time it was originally •conveyed by Patent from the U. S. Government to the Lessors’ predecessors in title, that it did not border on Allen’s Creek or •on Tampa Bay and was therefore not submerged land under navigable water, as claimed by Lessee; (2) that a part of the entire tract, namely 6.9% of the whole, constituting a substantial portion thereof, had been previously conveyed away by Lessors, that therefore no leasehold rights therein passed to Lessee, and that such circumstance constituted misrepresentation on the part of Lessors which entitled Lessee to rescission, whether innocently made or not; (3) that the encroachment of the previous conveyance (to one Robert Swet-land and known as the Swetland conveyance) was “substantial enough seriously to interfere with the use and enjoyment of the leased premises” for which Lessee had acquired the property or the use of it; and (4) that Lessee, having had the use of the property from the date of the lease to the date of the final hearing, was in arrears in payment of lease rentals to Lessors in a stated amount, against which Lessee was entitled to a credit on 6.9% of the tract not legally passing and also a credit for certain overpayments to Lessors theretofore made, leaving a net balance due to Lessors in the sum of $9,757.88, for which judgment should be entered in favor of Lessors and execution issued accordingly.
The final decree thereupon adjudged and decreed that “the property in question” was upland and not submerged property under navigable waters at the time Patent issued from the U. S. Government, and therefore Lessors had, by mesne conveyances, “a good and valid title to said property” ; that the lease between the parties be cancelled; and that Lessee pay the Lessors the net sum of money hereinbefore indicated.
A painstaking review of the record here convinces us that the decretal portions of the decree appealed from flowed irresistibly and as a logical consequence from the factual determinations made by the Chancellor. And it is also readily apparent from the record that there was abundant competent and substantial evidence before the Chancellor to sustain his findings, in the form of sworn testimony and a pro *558 fusion of exhibits and other documentary-matter.
The leading case in Florida on rescission of contracts because of misrepresentation of fact, whether innocent or otherwise, is Langley v. Irons Land & Development Co., 1927, 94 Fla.1010, 114 So. 769, wherein Justice Buford made an exhaustive exposition of the law, quoting from Ruling Case Law, C. J., Black on Rescission and Cancellation, and other authorities. The holding in said opinion, most closely applicable to the facts here, is as follows (text 114 So. 771) :
‘‘Innocent Misrepresentation of Fact. According to the weight of authority, misrepresentation of material facts, although innocently made, if acted on by the other party to his detriment, will constitute a sufficient ground for rescission and cancellation in equity. The real inquiry is not whether the party making the representation knew it to be false, but whether the other party believed it to be true and was misled by it in making the contract; and, whether the misrepresentation is made innocently or knowingly, the effect is the same. It is as conclusive a ground of relief in equity as a willful and false assertion, for it operates as a surprise and imposition on the other party; and in such case the party must be held to his representations.”
See also Jones v. Walter C. Hardesty, Inc., 1930, 100 Fla. 155, 129 So. 497; Peace River Phosphate Min. Co. v. Thomas A. Green, Inc., 1931, 102 Fla. 370, 135 So. 828, and Robson Link & Co. v. Leedy Wheeler & Co., 1944, 154 Fla. 596, 18 So.2d 523.
 The rule seems to be in this jurisdiction that the right of a vendee or lessee to rescission because of deficiencies in, or encroachments upon, the property in question depends upon the variable facts of each individual case. As held by our Supreme Court in Loeffler v. Roe, Fla.1953, 69 So.2d 331, text 337, 47 A.L.R.2d 319, quoting from 55 Am.Jur. 706-707, par. 252:
“In determining whether encroachments are of such a character as to justify the vendee in refusing to take title, the court will weigh the object of and inducement to the vendee in entering into the contract, and, looking into the merits and justice of each particular case, relieve the vendee from the contract to purchase if the character of the transaction, the circumstances, and the equities require. There can, of necessity, be no fixed rule for determining the extent of an encroachment necessary to bring any particular case outside the rule ‘de minimis non curat lex,’ since the facts of each case are invariably different, and the test to be applied is whether the encroachment is substantial enough seriously to interfere with the use and enjoyment of the premises. Hence, each case must be determined upon its own merits.” (Emphasis supplied).
The Chancellor held that: “[i]t is clear to the Court that the discrepancy of land in the instant case is neither small nor of no consequence.” This is amply borne out by the record. The land described in the lease approximated 12.8 acres, which was actually below the normal land requirements of Lessee corporation, which was a minimum of fifteen acres for purpose of consolidating the three commercial plants of Lessee. But at the time the lease was executed, it was felt by representatives of Lessee that the corporation could manage with the smaller leased tract because of the advantage of the tract being both on the water and also on U. S. Highway 19.
But the further depletion of the tract brought about by discovery of the previous Swetland conveyance had made utilization of the property for the purposes intended not feasible, to such extent that the Lessee had already, as shown by the record, acquired fifteen acres in Hillsborough Coun *559 ty for its corporate purposes and had in fact already consolidated its three plants thereon. These facts fully establish substantiality..
Lessors contended that the doctrines of estoppel and laches, should operate to deprive Lessee of equitable relief because Lessee “was or should have been thoroughly familiar with the size, location, contour, condition and any other facts in connection with the property purchased and leased” and that “having such information, or having the opportunity to secure the same,” Lessee proceeded to consummate the deal. It may be assumed that the language that Lessee had “such information” or had “the opportunity to secure the same” and therefore “was or should have been thoroughly familiar with * * * any other facts in connection with the property,” includes the circumstance that the public records were available to ascertain existence of the previous Swetland conveyance, which had been recorded.
But such contention has been seemingly answered by the 5th U. S. Court of Appeals in the Florida case of Star Apartment, Inc. v. Martin, CA Fla.1953, 204 F.2d 829, wherein it was held as follows (text 204 F.2d 830):
“Appellant’s argument is that the recitals of the contract of sale were merely representations, not warranties, and that since the mortgage and assignment of rents were matters of public record, this was sufficient notice to appellee as to their contents. But this argument overlooks the fact that appellant contracted to deliver to appellee the title specified in the contract of sale, which he can not do. There was no duty upon the vendee to search the public records to ascertain whether the vendor could perform his obligation. Of course, as between the mortgagee and third parties the recorded mortgage and assignment constitute notice. That fact, however, does not relieve appellant of his obligation to his vendee to deliver the title described in the contract of sale.’' (Emphasis supplied).
The final decree appealed from is accordingly—
Affirmed.
LILES, Acting C. J., and HOBSON, J., concur.