289 So.2d 33 (1974)
Charles Thomas ENGLISH and Brenda English, Husband and Wife, Appellants,
v.
Gladys CLARK, Individually and As Executrix of the Estate of Cecil Woodrow Clark, Appellee.
No. S-357.
District Court of Appeal of Florida, First District.
January 31, 1974.
*34 Calvin W. Wilson, Pensacola, for appellants.
Barnie J. Morain, Pensacola, for appellee.
PER CURIAM.
Appellants seek reversal of a final judgment, as supplemented, dismissing with prejudice their complaint for specific performance of an agreement for the sale of real property.
We do not deem it necessary herein to set forth all the details concerning the agreement and subsequent transactions between the parties. Suffice it to say that the trial court found from the facts that the parties herein had entered into and had intended to be bound by a layman-drafted agreement for the sale of the subject property, part of which belonged to Cecil Woodrow Clark, now deceased, individually and part of which was owned by Gladys Clark and Cecil Clark as tenants by the entireties. A binder payment was made by appellants, valuable improvements were *35 placed on the property by appellants, appellants' business was conducted on the property, and appellants made the required monthly payments until negotiations as to the form of conveyance broke down. The decedent and his attorney eventually agreed to the form of closing which appellants desired, but he died before the sale was consummated. There was no evidence that appellee Gladys Clark ever agreed to the arrangement which her husband had verbally agreed to. In fact, after her husband's death, appellee desired to terminate the original agreement of sale.
Upon these findings of facts, the trial court found and so held that the original agreement was a contract for deed, which could not be specifically enforced because of the variation in views between the parties as to what was agreed upon. The appellants' complaint was dismissed with prejudice and the trial court thereafter made provisions for the removal of certain improvements placed on the property by appellants and for rental payments due appellee. Appellants were further required to remove themselves and their personal property and effects from the subject property.
We feel that the final judgment in this cause and the order supplementing the same must be reversed for the reason that the conclusions of law are not supported by the facts before this Court, as limited as they are. In the first place, there is no finding as to that part of the subject property owned solely by the decedent, Mr. Clark. If he agreed to a method of conveyance upon which the appellants also agreed, and the trial court found that he had, and if the portion of the property which he individually owned is ascertainable, we see no reason why specific performance could not be granted as to that portion of the property owned solely by Mr. Clark, with an appropriate reduction in the purchase price.
Further, the trial court found that there was a "variation in views between them as to what was agreed upon" in the original contract. It appears to this Court that the variation in views stems from the question of how the transaction was to be completed, rather than as to "what was agreed upon." As limited and brief as it is, there can be no doubt that the original contract, as signed by all the parties, provided for the sale to appellants of the subject property. It should be remembered that "courts are not inclined to regard with favor objections on the ground of the uncertainty of the agreement after the promisor has received the benefit of performance by the other party to the contract." Burton v. Keaton, 60 So.2d 770, 772 (Fla. 1952). Reasonable certainty is sufficient for specific performance if the meaning of the contract, taken as a whole, is intelligible to the court.
It is further evident from the pretrial order appearing in the record that appellee waived any defenses as to the description of the property to be conveyed. Said pretrial order further states that the primary issue, as framed by appellee, is whether the appellants complied with the original contract or have breached it so as not to be entitled to any specific enforcement. We are inclined to agree with appellee in this statement of the primary issue in this cause. We have been unable to find in this record any evidence, nor any findings by the trial court, relating to a breach of the contract by appellants. Nor does such evidence appear in the resume of facts submitted by the trial court. In fact, if any breach of contract occurred at all, it appears to us that the breach lies on the part of appellee when she, as set forth in the resume of facts, "elected to terminate the agreement of October 1, 1969" after her husband's death. In short, there is no evidence in the record before this Court as to whether appellants breached the original contract, without waiver by appellee, so as to justify a rescission of said contract.
In conclusion, it is our opinion that equity and justice would best be served by reversing the judgment below, as supplemented, *36 and remanding this cause for the further taking of testimony on the issues mentioned in this opinion.
Reversed and remanded.
RAWLS, C.J., JOHNSON, J., and HOWELL, CHARLES COOK, Jr., Associate Judge, concur.