PER CURIAM.
This is an appeal by the defendant from a final judgment which awarded the plaintiff $16,150.00 in damages on a complaint based upon “goods sold and delivered” and denied the defendant’s set-off and counterclaim.
The defendant has raised but one point on appeal, which we believe to be meritorious, to-wit: that the trial court erred in rendering a final judgment for the plaintiff on a cause of action based upon goods sold and delivered where the evidence presented at trial failed to establish the required elements of sale, delivery and agreed price.
After carefully reviewing the record, we agree with the defendant that based upon the testimony heard by the trial court and exhibits entered into evidence, the plaintiff failed to prove that it delivered certain paper products to defendant’s various hotels and as such, no prima facie case for goods sold and delivered was established. Chase & Co. v. Miller, 81 Fla. 472, 88 So. 312 (Fla.1921); See Pillsbury Company v. Chernin & Pila Dairy & Livestock Co., Inc., 280 So.2d 49 (Fla.2d DCA 1973).
The final judgment appealed from must therefore be reversed; however, in the interest of justice and for the following reason, we remand the cause to the trial court with directions to retry the matter.
During the course of the trial, the plaintiff sought to introduce into evidence ledger sheets and delivery tickets by which it intended to prove the sale and delivery of the goods to the defendant. Objection to the introduction into evidence of these ledger sheets and delivery tickets was sustained, *528 apparently for the reason that the plaintiff was unable to establish the validity of the signatures on the tickets as that of an authorized person receiving the goods. The materials were marked for identification, but were at no time introduced into evidence.
Notwithstanding the fact that the trial judge did not allow the plaintiff to introduce into evidence the ledger sheets and tickets, it appears that the court nevertheless considered same in rendering its decision. As pointed out by able counsel for the defendant however, documents not properly admitted into evidence cannot be the basis for a judgment, in that said documents are not properly before the court. Coca-Cola Bottling Company v. Clark, 299 So.2d 78 (Fla.1st DCA 1974); Simpson v. Woodham, 332 So.2d 693 (Fla.1st DCA 1976). Clearly, the trial judge should not have considered the ledger sheets and tickets without having first admitted them into evidence.
The question which must now be answered is whether, in fact, the court erred in failing to admit the documents.[1] We believe that pursuant to Section 90.-803(6)(a), Florida Statutes (1976 Supp.), relating to the use of business records as evidence of facts contained therein, we must answer the above question in the affirmative.
In light of the above, and taking into account the trial court’s ruling on the merits, which by necessity, impliedly held that the plaintiff had established a prima facie case, it is our view that the cause should be remanded with directions for the court to hold a new trial at which time the court might properly consider the ledger sheets and tickets in its ruling. See English v. Clark, 289 So.2d 33 (Fla.1st DCA 1974); see also Gainesville Gas Co. v. Walters, 37 So.2d 695 (Fla.1948).
Of course, in so ruling to remand the cause for new trial, we do not pass judgment on whether or not the additional exhibits would enable the plaintiff to establish a prima facie case for goods sold and delivered. That decision is one for the trial judge to answer. Chaykin v. Kant, 327 So.2d 793 (Fla.3d DCA 1976).
Accordingly, the final judgment appealed from is reversed and the cause remanded for new trial.
Reversed and remanded for new trial.

. Defendant contends that it is not proper for this court to consider any alleged error by the trial court in refusing to admit the ledgers and tickets for the reason that the plaintiff has failed to cross-assign as error the refusal to admit the above. Our Supreme Court has stated, however, that a party who is not aggrieved by the lower court’s decision need not file cross-assignments of error in order to have the points considered on appeal. MacNeill v. O’Neal, 238 So.2d 614 (Fla.1970), and cases cited therein.