PER CURIAM.
This is an appeal from a final judgment sounding in specific performance and a subsequent interlocutory order awarding attorney’s fees. The final judgment is attacked on appeal on two bases. First, it is asserted that no contract was entered into by the parties and, alternatively, that even if a contract existed, its terms were too indefinite to support a specific performance decree. Second, it is asserted that good and marketable title was not tendered by the seller. We reject both contentions as (a) the terms of the signed agreement between the parties were, as the trial court concluded, sufficiently definite to constitute a binding contract so as to support a specific performance decree, Bluevack, Inc. v. Walter E. Heller & Co. of Fla., 331 So.2d 359 (Fla. 3d DCA 1976); English v. Clark, 289 So.2d 33, 35 (Fla. 1st DCA 1974); 330 Michigan Ave. Inc. v. Cambridge Hotel, Inc., 183 So.2d 725 (Fla. 3d DCA 1966); and (b) the title conveyed to the real property was marketable title unencumbered by any significant deficiencies or encroachments. Sutton v. Cast-Crete Corp. of Fla., 197 So.2d 556 (Fla. 2d DCA 1967).
The attorney’s fée order under review is attacked on appeal on the basis that no evidence was presented below which established that the seller Maurice Revitz as the prevailing party was obligated to pay *1090 his attorney a reasonable attorney’s fee; it is therefore urged that the said seller was not entitled under the contract between the parties to attorney’s fees from the buyers Robert and Kathy Wolfarth. We cannot agree. The evidence below established that legal services of considerable value were rendered to the seller by competent counsel; clearly, the seller was obligated to pay for those services on a quantum meruit basis which, in turn, triggered the buyers’ contractual obligation to pay for same as the non-prevailing party below. We are further unconvinced by the remaining attack made herein on the attorney’s fee order.
The final judgment and attorney’s fee order under review are in all respects
Affirmed.