# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0972
Lower Tribunal No. 19-15754
_____

## People's Trust Insurance Company,
Appellant,

vs.

## Clara Hernandez,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Cole, Scott & Kissane, P.A. and Mark D. Tinker, and Brandon J. Tyler (Tampa); Brett Frankel, and Jonathan Sabghir (Deerfield Beach), for appellant.

Law Offices of Anthony Accetta, P.A., and Anthony Accetta; Law Office of Lazaro Vazquez, P.A., and Lazaro Vazquez, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

FERNANDEZ, J.

People's Trust Insurance Company ("People's Trust") appeals the final judgment entered in favor of Clara Hernandez. We reverse the final judgment and remand to the trial court with instructions to enter a directed verdict in favor of People's Trust.

This appeal concerns a first party homeowner's insurance policy that includes a repair provision. After the insured, Hernandez, submitted a claim under the policy for damage to her residence incurred from Hurricane Irma, People's Trust accepted coverage and elected to repair using its preferred contractor, Rapid Response Team, LLC ("RRT"). Before and after the appraisal process, People's Trust sent multiple requests to Hernandez for a signed work authorization to allow RRT to enter the home for repairs and to obtain necessary permitting. Hernandez refused to sign a work authorization by continuing to condition authorization on People's Trust meeting certain demands.

As a result, People's Trust filed suit for declaratory relief, including a general declaration of the parties' rights and obligations; a declaration that Hernandez must submit some form of a work authorization and otherwise fulfill her post-loss obligations; and in the alternative, a declaration that Hernandez had materially breached her contract and thus her coverage

2

was voided.[1] Hernandez answered and brought a counterclaim and affirmative defenses. The case ultimately proceeded to a jury trial on People's Trust's request for a declaration that coverage is voided.

On the last day of trial, after the close of evidence but before closing arguments, Hernandez's counsel submitted a work authorization that Hernandez signed that same day. The court allowed the authorization to be marked for identification but did not admit it into evidence.

Upon People's Trust's motion for directed verdict, the judge directed a verdict against Hernandez's counterclaim seeking money damages, denied the motion as to Hernandez's affirmative defenses, and reserved ruling as to People's Trust's declaratory action until after the jury verdict.

The jury rendered a verdict in favor of Hernandez finding that Hernandez substantially complied with the policy's work-authorization requirement, and People's Trust had not proved a material breach of the policy.

People's Trust then renewed its directed verdict motion on its claim, which the trial court denied. People's Trust later filed a motion for judgment in accordance with the motion for directed verdict, arguing that the

---

[1] The complaint also raised claims relating to specific performance (Count I) and breach of contract (Count III), but those claims were withdrawn near the start of trial.

3

evidence viewed in Hernandez's favor demonstrated that she never executed a work authorization before trial. Hernandez continued to assert her substantial compliance with the work authorization requirement. The trial court denied the motion and later rendered final judgments against Hernandez's counterclaim and on the jury's verdict against People's Trust's declaratory action on May 3, 2023. People's Trust appealed.

The denial of a motion for directed verdict is reviewed *de novo*. Publix Super Mkts. v. Bellaiche, 245 So. 3d 873, 875 (Fla. 3d DCA 2018). This Court has further explained our review as follows:

> While we apply de novo review to these rulings, in reviewing the trial court's denial of the County's motion for directed verdict (and motion for judgment in accordance with its earlier motion for directed verdict) "[a]n appellate court must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the nonmoving party's favor, and "[i]f there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, then the issue is factual and should be submitted to the jury for resolution."

Miami-Dade Cnty. v. Guyton, 388 So. 3d 50, 51-52 (Fla. 3d DCA 2023) (quoting Miami-Dade Cty. v. Eghbal, 54 So. 3d 525, 526 (Fla. 3d DCA 2011)).

On appeal, Hernandez identifies three documents that she claims constitute work authorizations:

4

On November 24, 2017, Appellee's public adjuster, Jorge Aucar, sent a work authorization to People's Trust. Mr. Aucar testified his November 24, 2017 letter was indeed a work authorization. On June 18, 2018, Appellee's lawyer, Jorge Borron, Esq., in a signed letter to People's Trust, which served as another work authorization, requested People's Trust to commence repairs. The Appellee provided People's Trust a signed work authorization on October 14, 2022 in open court at trial.

(Citations to the record omitted).

Based on the plain language of the letters, the letters cannot be considered work authorizations due to conditioning performance on People's Trust meeting certain demands. The public adjuster's letter conditioned authorization on 15 demands that required a signature from People's Trust. The attorney's letter also conditioned authorization on certain demands, which was made clear by a follow up letter sent less than ten days later, which states: "Ms. Hernandez *will sign* the work authorization; however, *before doing so* . . . ." (Emphasis added). By using the future tense, Hernandez's attorney communicated that a work authorization had yet to be given and would be given in the future if certain demands were met. See Jacques v. Equitable Life Assur. Soc'y of U.S., 972 So. 2d 265, 268 (Fla. 4th DCA 2008) (finding that insured's "use of the future tense phrase 'will be added' indicates the intent to take a future action" rather than a present commitment).

5

As to the conditional nature of the letters, this Court has stated that a party basing performance on arbitrary demands constitutes anticipatory breach:

> The law is clear that where one party to the contract arbitrarily demands performance not required by the contract and couples this demand with a refusal to further perform unless the demand is met, the party has anticipatorily repudiated the contract, which anticipatory repudiation relieves the non-breaching party of its duty to further perform and creates in it an immediate cause of action for breach of contract.

24 Hr Air Serv., Inc. v. Hosanna Community Baptist Church, 322 So. 3d 709, 712 (Fla. 3d DCA 2021) (quoting Twenty-Four Collection, Inc. v. M. Weinbaum Constr., Inc., 427 So. 2d 1110, 1111 (Fla. 3d DCA 1983)). This Court in People's Trust Insurance Company v. Tosar, 332 So. 3d 552, 559–60 (Fla. 3d DCA 2021), has also stated, "Once the appraisal panel, in its appraisal award, set the amount of loss and scope of repairs to be performed by RRT, the *insureds were then contractually obligated* to authorize RRT to perform the repairs and to pay the hurricane deductible." (Emphasis added). See also Castro v. People's Tr. Ins. Co., 315 So. 3d 761, 764 (Fla. 4th DCA 2021) (affirming the trial court's finding that the insured's "failure to return some form of work authorization acknowledging that [People's Trust's] preferred contractor was authorized to commence

6

covered repairs pursuant to the appraisal panel's estimated scope of repairs . . . was a material breach of the contract.").

After the close of evidence and before jury deliberations, Hernandez filed a work authorization with the trial court that was allegedly signed that day. The signed authorization was marked for identification but was not admitted into evidence. As our Court has stated, "[D]ocuments not properly admitted into evidence cannot be the basis for a judgment, in that said documents are not properly before the court. Clearly, the trial judge should not have considered the [document] without having first admitted [it] into evidence." Bosem v. A.R.A. Corp., 350 So. 2d 526, 528 (Fla. 3d DCA 1977) (internal citations omitted). See also Fassi v. Am. Fire & Cas. Co., 700 So. 2d 51, 53 (Fla. 5th DCA 1997) ("Appellants were given five opportunities to cooperate as required by the insurance policy. Their offer to do so some three months after being asked to explain why they had not timely cooperated is too little, too late.").

Lastly, the evidence at trial showed that a failure to provide a work authorization prejudiced People's Trust as a result of Hernandez's failure to mitigate water damages, the increase in costs to repair today compared to when the damage was incurred in 2017, and Hernandez's admission that half of the damages were repaired independently of People's Trust and

7

RRT. As the trial court found in <u>Castro</u>, the "breach was inherently prejudicial, because it deprived [People's Trust] of the entire benefit of its bargain. [The insured] obtained a premium discount by selecting the Preferred Contractor Endorsement and its option to repair, but then denied [People's Trust] that very option to repair." <u>Castro</u>, 315 So. 3d at 764.

Accordingly, we reverse the final judgment and remand with instructions for the trial court to enter a directed verdict in favor of People's Trust.

Reversed and remanded with instructions.