PER CURIAM.
We reverse a summary judgment entered against a guarantor of debts of another because the record fails to disclose the amount of the principal indebtedness due or that the plaintiff was an assignee of the defendant Kodel’s guaranty. Bee and compare Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc., 376 So.2d 22 (Fla. 2d DCA 1979); Lea Industries, Inc. v. Raelyn International, Inc., 363 So.2d 49 (Fla. 3d DCA 1978); 38 Am.Jur.2d, Guaranty § 123.
We find no merit in the appellant’s contention that the guaranty could not be assigned and that it was, in fact, a limited guaranty. The guaranty agreement reads in part as follows:
The obligation of the guarantors hereunder shall be several and also joint, each with all or with any one or more of the others, and may be enforced against each separately or against any two or more jointly, or against some separately and some jointly, and shall inure to the benefit of said Bank, its successors, legal representatives and assigns.
If in fact the plaintiff has a valid assignment of the guaranty and there is a debt due, it may recover thereon.
No merit is also found in the defendant’s contention that he validly cancelled the guaranty.
This reversal is without prejudice to either party renewing motions for summary judgments upon additional discovery or affidavits.
Reversed and remanded for further proceedings.