CHASE & COMPANY, A CORPORATION, *Plaintiff in Error,* v. J. C. MILLER, *Defendant in Error.*

## Opinion Filed April 7, 1921.

1. Where a declaration consists of the common counts for goods bargained and sold, and goods sold and delivered, and concludes with an allegation that the defendant in consideration of the premises promised to pay the said several sums of money on request, the burden is upon the plaintiff under the general issue to prove the sale and delivery of the goods or delivery from which a sale may be inferred and the price agreed upon for the goods or their value.

2. Under the general issue upon the common counts for goods bargained and sold the defendant may show that the goods were delivered to him upon consignment for sale as agent for the plaintiff.

3. Where under the general issue upon the common counts for goods bargained and sold, or goods sold and delivered, the plaintiff relies upon a promise as to the price to be paid made by a person supposed to be acting as agent for the defendant, the burden of proof is upon the plaintiff to prove the authority of such person to bind the defendant by a contract of sale at an agreed price.

4. The declarations of a person supposed to be another's representative or agent are not alone sufficient to prove his authority.

5. Evidence examined and found insufficient to prove the authority of a person as agent to bind the defendant by a contract of purchase at an agreed price for goods alleged to have been sold to the defendant by the plaintiff.

A Writ of Error to the Circuit Court for Flagler County; C. L. Wilson, Judge.

Judgment reversed.

*Cooper, Cooper & Osborne* and *George W. Bassett, Jr.,* for Plaintiff in Error;

*A. H. & Roswell King,* for Defendant in Error.

ELLIS, J.—The defendant in error brought an action in the Circuit Court for Flagler County against Chase & Company, a corporation, the plaintiff in error. The declaration is in one count although it contains several causes of action, as follows: Money payable for goods sold and delivered; goods bargained and sold; for work done and materials furnished; account stated; money received by defendant for use of the plaintiff, and for "interest upon and for the forebearance by plaintiff to the defendant at his request of said sums of money due from the defendant to the plaintiff." The declaration then concludes with the following averment: "And afterwards in consideration of the premises the said defendant promised to pay the said several sums of money on request but did not pay the same or any part thereof, although often requested so to do. Wherefore the plaintiff brings his suit and claims five thousand ($5,000.00) dollars damages of the defendant." The bill of particulars attached to the declaration showed the subject-matter of the action to be the price or value of five hundred and sixty-two barrels of

Irish potatoes sold to Chase & Company upon the dates and in quantities as follows: April 30, 1917, 243 barrels, $1,822.50; May 14, 1917, 169 barrels, $1,309.75; and May 15, 1917, 150 barrels, $1,125.00. Total, $4,257.25; by credit $1,669.50; balance due $2,587.75.

Chase & Company, to whom reference will be hereafter made as the defendant, interposed three pleas; never was indebted, payment, and an additional plea in which it was averred that the plaintiff delivered at Bunnell in Flagler County, to the defendant as the marketing and sales agent of the plaintiff, Irish potatoes in the quantities and upon the dates as follows: April 28, 1917, 148 barrels No. 1 Grade, 70 barrels No. 2 Grade, 21 barrels No. 3 Grade, and 4 barrels of cull potatoes. On April 30, 1917, 84 barrels No. 1 Grade, 36 barrels No. 2 Grade, 17 barrels No. 3 Grade, and 7 barrels of culls. On May 4, 1917, 66 barrels No. 1 Grade, 45 barrels No. 2 Grade, 25 barrels No. 3 Grade, and 13 barrels of culls. That the potatoes were loaded in railway cars at Bunnell. That the potatoes so delivered were to be sold by the defendant as agent for the plaintiff, and not otherwise. That the plaintiff represented and described the potatoes as being in the quantity set forth, free from disease, full packed of the best grade and quality, and that he would "stand by and guarantee the pack, quality and grade of the same." That the representations were verbal and were made in respect to each car. That the defendant in consideration thereof agreed to sell the potatoes for the account of the plaintiff and as the sales and marketing agent of the plaintiff. That the potatoes were not free from disease, nor of the description, quality or pack as represented, but on the contrary were diseased, inferior in quality, grade and pack, and in such less quantity than represented, that they were

"worth $1,678.41 less, and in fact defendant was compelled to sell said potatoes for $1,678.41 less than if they had been Irish potatoes of the description, quality, pack, quantity and grade as represented so to be by the plaintiff."

It was stipulated between counsel for the plaintiff and the defendant that the averments of the plea as to the delivery of the potatoes by the plaintiff at the times and in the quantities and at the place and of the grade stated, shall be acecpted as *proof* of the same.

The purpose of the agreement seems to have been that the potatoes referred to in the plea were the same for the price or value of which the plaintiff brought his action. So the issue was whether the plaintiff sold the potatoes to the defendant or whether he merely consigned them to the defendant to be sold by the defendant as the marketing and sales agent of the plaintiff.

In effect the issue was the same as if the defendant had pleaded the general issue to the declaration, treating it as one containing the five common counts, as follows: For goods sold and delivered; goods bargained and sold; work done and materials furnished; account stated; and money received by the defendant for the use of the plaintiff.

The declaration was one in assumpsit upon an executed consideration and where the promise was an unconditional and unqualified promise to pay money.

The declaration concluded with words not like those prescribed by Section 1448 of the General Statutes, 1906, but in words similar to those used in the common law counts of *indebitatus assumpsit,* the general issue *"non assumpsit"* in such cases operated as a denial of the sale

and delivery in point of fact where the count was for goods sold and delivered. Rule 64 of the Rules of Circuit Courts and Section 1467 General Statutes, 1906, however, make the plea of never was indebted applicable to such declarations and the plea operates as a denial of those matters of fact from which the liability of the defendant arises. In other words, as to the counts for goods bargained and sold, and goods sold and delivered, the plea merely denies the bargain and sale, or sale and delivery.

The case went to trial upon two issues, *viz*: whether the plaintiff bargained and sold, or sold and delivered to the defendant certain goods; or whether the plaintiff furnished certain materials to the defendant; or whether there had been an account stated between them; or whether the defendant had received money under such circumstances as to make it a receipt for the use of the plaintiff and whether the claim had been satisfied and discharged by payment. The averments in the plea that the potatoes were not free from disease and not up to representations in the matter of quality, quantity and pack, are not construed as a plea of confession and avoidance of the promise upon the ground of partial failure of consideration—because the plea in its entirety consists merely of a denial that there was a bargain and sale of the potatoes, or a sale and delivery of them to the defendant. We cannot construe the plea as being at once a plea of the general issue and a plea of failure of consideration.

Upon the first issue, that of whether there was a sale and delivery, the burden of proof was upon the plaintiff. Under the second issue, which was payment, the burden was upon the defendant.

Now under the issues as made up in this case. The plaintiff was bound to prove the sale and delivery and the price agreed upon for the potatoes, or their value. The sale could be proved by the delivery from which the sale is presumed or implied. By stipulation of the parties the delivery was admitted, but the defendant under the general issue could prove that the delivery was to him as agent to sell for the plaintiff. See Archbold's Nisi Prius, 248; Miller v. Newman, 4 Mann. & Gran. (43 E. C. L.) *646.

Now the plaintiff in making out his case could prove the delivery of the potatoes and the price agreed upon therefor, or their value. So far the burden was upon him. No effort was made by the plaintiff to prove the value of the potatoes, but he did undertake to show·that there was an express agreement between him and the defendant as to the price to be paid.

It appears that the agreement was with a Mr. Waterman, and the price promised by him was $7.50, $6.50, $5.50 and $4.50 for the first, second, third and fourth grades respectively. The plaintiff himself testified that he sold the potatoes to Mr. Waterman and sued the defendant because Waterman turned the cars of potatoes over to the defendant Chase & Company. That he did not know and could not swear that Chase & Company bought those potatoes. That the plaintiff intended to sell and not consign his potatoes for sale on commission is abundantly established by the evidence. That the defendant intended to handle the potatoes on consignment and not buy them or guarantee any certain price for them also appears from the evidence.

The case depends upon the authority of the man Mr.

Waterman through whom the potatoes were either consigned to the defendants or sold to them by the plaintiff.

We do not find in the evidence adduced that the plaintiff showed or undertook to show Mr. Waterman's authority from the defendants to bind them by any contract to pay any certain price, or even to buy the potatoes at all. That was one of the elements in the plaintiff's case necessary for him to establish. There could be no sale if there was no purchase. A delivery of the potatoes to the defendants upon Mr. Waterman's request and an acceptance of them by the defendant might imply a sale, but could not imply any certain price to be paid. The authority to promise that price on behalf of the defendants had to be shown, but the so-called agent's declarations as to such power unknown to the defendants and unratified by them, are not sufficient to establish the authority. See Griffin v. Societe Anonyme La Floridienne, 53 Fla. 801, 44 South. Rep. 342; Martin & Sutherland v. Johnson, 54 Fla. 487, 44 South. Rep. 949; Saussy v. South Florida R. R. Co., 22 Fla. 327.

The motion for a new trial should therefore have been granted and the court's refusal to do so was error. So the judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.