109 So.2d 768 (1959)
ATLANTIC & GULF PROPERTIES, INC., a Florida corporation, Appellant,
v.
Alice Margarita Tower PALMER, a widow, Appellee.
No. 58-574.
District Court of Appeal of Florida. Third District.
March 10, 1959.
Rehearing Denied April 1, 1959.
*769 Cypen & Salmon, Miami Beach, for appellant.
George Earl Brown, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
Appellant was the owner of certain improved real estate, subject to a mortgage held by the appellee in the amount of $106,500. The mortgage, made in 1953, provided for semi-annual payments of $1,500 principal, plus interest until 1963, when a balance of $78,000 was payable. Certain buildings on the property were destroyed by fire, and $18,000 fire insurance was paid on July 17, 1957. Under the mortgage the mortgagee was given the "option to receive and apply the same on account of the indebtedness hereby secured or to permit the mortgagors to receive and use it or any part thereof for other purposes." The mortgagee elected to receive the insurance money, and she applied it in reduction of unpaid balance of principal due in 1963. Some six months later, in January of 1958, when the next installment fell due for $1,500 principal, plus interest, the mortgagee demanded its payment.
Faced with a requirement to pay the currently maturing installment or be foreclosed the mortgagor filed suit for declaratory decree seeking (1) an order compelling the mortgagee to apply the insurance money to the first maturing payments under the mortgage, and (2) an order determining whether the insurance monies would entitle the mortgagor to partial release of certain of the property, under a release clause contained in the mortgage.
The chancellor heard the case, and entered a decree which made provision for application of the insurance money according to the justice of the case as he viewed it. Noting that the installments due prior to 1963 amounted to slightly less than one-third of the total mortgage debt, the chancellor decreed that the mortgagee should apply one-third of the insurance money on the current and next maturing installments under the mortgage, and the other two-thirds of the insurance money was permitted to be applied by the mortgagee in reduction of the balance due in 1963. The mortgagor appealed.
The rule, as stated in 2 Jones, Mortgages, § 1164, p. 637 (8th Ed. 1928), that insurance money received for a loss occasioned to mortgaged property by fire can not be applied to the undue mortgage debt without the consent of the mortgagor, is not applicable here, because the parties had agreed that the mortgagee could elect to apply it to the indebtedness. That agreement of the parties, as contained in the mortgage, also settled the problem of whether such insurance money should be regarded and held as security, or be applied to reduce the mortgage debt. See 2 Jones, Mortgages, Id.; 8 Couch, Cyclopedia of Ins. Law, § 1936d; 36 Am.Jur., Mortgages, § 339; 59 C.J.S. Mortgages § 328 d(2). As provided for in the mortgage, when the mortgagee elected to receive the money, she was required by the mortgage agreement to apply it to the mortgage indebtedness, and entitled to apply it to parts of the debt not yet due. In absence of a contrary direction in the mortgage, the mortgagee could so apply it as she saw fit, and she chose to use it in reduction of the unpaid balance which would fall due in 1963.
In so doing the mortgagee acted in conformity with the rule in Florida that where a payment is made by the debtor *770 without directing its application, the creditor may determine the application. Alford v. Leonard, 88 Fla. 532, 102 So. 885; Merker v. Lake Region Packing Ass'n, 126 Fla. 589, 172 So. 702; Farnham v. Blount, 152 Fla. 208, 11 So.2d 785.
In the Alford case the Supreme Court said (102 So. at page 889):
"The rule as to the application of payments in this state is that the debtor who makes the payment may at the time direct its application to what account or item of indebtedness he wishes, and, if he fails to do so, the creditor may at such time make application of the payment as he desires, and, if neither the debtor nor creditor at the time of payment makes any application thereof, the law will appropriate it to the items of indebtedness according to the justice of the case, having in view the interests of third persons interested. See Battle v. Jennings Naval Stores Co., 74 Fla. 12, 75 So. 949; Petroutsa v. H.C. Schrader Co., 76 Fla. 574, 80 So. 486; Consolidated Naval Stores Co. v. Wilson, 82 Fla. 396, 90 So. 461, 21 A.L.R. 681."
Earlier the rule was stated to the same effect in Battle v. Jennings Naval Stores Co., 74 Fla. 12, 75 So. 949, 952, as follows:
"The rule as to the application of payments which obtains in this state was announced by this court in Randall v. Parramore [& Smith], 1 Fla. 409, as follows:
"`Where a debtor indebted on several accounts makes a payment, he may apply it to either account; if he does not, the creditor may do so. If neither does, the law will appropriate it according to the justice of the case, provided there are no other parties interested.'"
There was, therefore, no need for the court to alter the allocation which the mortgagee had made, as the rule provides for the court to "appropriate it [the payment] according to the justice of the case" only when the parties have not availed themselves of their privilege to fix the allocation. However, the appellee-mortgagee has not complained. Therefore, the decree determining allocation of the insurance money should be affirmed.
Under a separate assignment of error, appellant presented the proposition that the mortgagor should receive credit for the insurance money as an "additional" payment toward obtaining a release of a portion of the property, under a partial release clause contained in the mortgage.[1]
Appellant contended, in the argument, that "additional" payment as called for in the release clause meant a payment or payments made in advance of maturities, and not payments of amounts above those eventually required to be paid under the mortgage contract; while appellee contended that the release clause required additional payments over and above the mortgage debt.
The mortgage release clause, when viewed against other terms of the mortgage, including provision for nine years of annual payments of only $3,000 principal, *771 with approximately two-thirds of the mortgage debt falling due in one year (1963), could be considered by the chancellor to be clear enough on its face but susceptible to either of the divergent meanings contended for by the parties, and thus to present a latent ambiguity. Parol evidence, including declarations and statements of intention by the parties, is allowable to resolve a latent ambiguity. Whitfield v. Webb, 100 Fla. 1619, 131 So. 786; Friedman v. Virginia Metal Products Corp., Fla. 1952, 56 So.2d 515, 33 A.L.R.2d 956.
An examination of the transcript of the testimony shows little reference to this problem at the trial, and no evidence was submitted on it one way or the other, although it appears that evidence on the question was available. The final decree contained no ruling on the point.
Because the problem was set out in pleadings, and evidence was available to aid in its solution, we feel that in order for substantial justice to be done between the parties on this question, the cause should be remanded to determine whether the application of the insurance money amounted to an "additional" payment as provided for in the partial release clause of the mortgage, by construing the instrument itself, if held by the chancellor not to present an ambiguity, or by construing it with the aid of extrinsic evidence, if held by the chancellor to present a latent ambiguity.
In so holding we are following the established rule that where there is such an insufficiency of evidence as to leave a material point in controversy uncertain, and such a point is covered by the pleadings, and it affirmatively appears that the additional evidence is available, and justice seems to require a more complete development of the rights of the parties under the law, the cause may be remanded with directions to take further evidence on such point. See Fleischer v. Virginia-Carolina Chemical Co., 82 Fla. 50, 89 So. 401; Wilkins v. Bank of Commerce, 95 Fla. 85, 116 So. 13; Chapman v. St. Stephens Protestant Episcopal Church, 105 Fla. 683, 136 So. 238, 138 So. 630, 139 So. 188, 145 So 757, 84 A.L.R. 566.
Accordingly, the decree is affirmed in part and reversed in part and remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part
HORTON and PEARSON, JJ., concur.
NOTES
[1] The partial release provision follows:

"It is understood and agreed that said mortgage shall contain a release clause whereby upon the payment of an additional $15,000.00 the following described property will be released from the lien of the mortgage, to-wit: [here is inserted description of property]
"It is understood and agreed that any further additional releases from the lien of said mortgage may be procured by mortgagors by paying mortgagee $100.00 per front foot paralleling Federal Highway to same depth as hereinabove referred, provided said releases are contiguous to any previously released property. However, it is understood and agreed that 100 feet from the Northeast corner of the mortgaged premises running South along U.S. No. 1 and which is presently being used for ingress and egress to the Sea Breeze Trailer Park shall not be released until the above mortgage is paid in full."