376 So.2d 22 (1979)
ALDERMAN INTERIOR SYSTEMS, INC., a Florida Corporation, Appellant,
v.
FIRST-NATIONAL-HELLER FACTORS, INC., a Corporation, Appellee.
No. 79-51.
District Court of Appeal of Florida, Second District.
September 28, 1979.
Rehearing Denied October 26, 1979.
*23 Michael A. Fogarty of Stichter, Stagg, Hoyt, Riedel & Fogarty, P.A., Tampa, for appellant.
Richard A. Nielsen of Gregory, Cours, Paniello, Johnson, Hayes & Hoft, P.A., Tampa, for appellee.
RYDER, Judge.
Appellee, First National-Heller Factors, Inc., (hereinafter referred to as Heller), sued Esquire Carpet Distributors, Inc. (Esquire) and appellant, Alderman Interior Systems, Inc., (Alderman). Count I of the complaint alleged a claim against Esquire on a trade account assigned to Heller by Weatherly Carpet Mills, Inc. (Weatherly). Count II alleged a claim against Alderman on a written guarantee agreement, by the terms of which Alderman agreed to guarantee certain obligations of Esquire. Alderman answered denying substantive allegations of the complaint, and asserting affirmative defenses.
At trial, a default judgment was entered against Esquire for failure to plead or otherwise respond. The action was tried before the court on the allegations of Count II and the court entered judgment in favor of Heller, against Alderman, in the amount of $12,993.08 and attorney's fees.
Following the denial of a motion for rehearing, this timely appeal follows.
At trial, counsel for appellant stipulated to the execution of the guarantee and the statements of account showing $12,993.08 due were received into evidence.
*24 During trial, the only witness appearing was a representative of Heller, a Sandra J. Stewart. Stewart was identified as an assistant to the vice president of Heller in charge of the central factoring division. She had no connection with the original assignor, Weatherly, and was never an employee or agent of that entity. Stewart admitted having no personal knowledge as to whether the goods represented by the statement of account between Weatherly and Esquire were actually delivered to Esquire and, moreover, Stewart disclaimed any access to or knowledge of the books and records of Weatherly. No testimony was adduced at trial regarding the original transactions, if any, between Weatherly and Esquire. Also, no evidence was offered as to the existence of any sales contract between Weatherly and Esquire, whether the amount claimed to be due and owing represented either the agreed upon sales price under such a contract or the reasonable value of goods actually delivered, or, most importantly, whether any goods or materials were actually delivered to Esquire by Weatherly.
Under Florida law, an assignment gives the assignee no greater rights against the principle debtor, or its guarantor, than those held by the assignor. Florida East Coast Railway v. Eno, 99 Fla. 887, 128 So. 622 (1930). Here, the assigned obligation was a claim of Weatherly against Esquire on an open account for goods or merchandise sold and delivered. For Heller to recover against Alderman as Esquire's guarantor, it was incumbent upon Heller to allege and prove the existence of a valid open account claim for goods sold and delivered by Weatherly to Esquire.
The elements of a claim for goods sold and delivered on an open account in Florida were set forth in the decision of Chase & Co. v. Miller, 81 Fla. 472, 88 So. 312 (1921). There, the court stated that a claim on an open account requires proof of a sales contract between the creditor and debtor, and proof that the amount claimed by the creditor represents either the agreed upon sales price or the reasonable value of the goods actually delivered. Although the court in that case held that actual proof of delivery and acceptance can create an inference of the existence of the sales contract, it is clear that a claimant also must prove delivery of goods and show either an agreement upon sales price or that amounts claimed represent the reasonable value of the goods actually delivered. See also Boucher v. City Paint and Supply Co., 398 S.W.2d 352 (Tex.Civ.App. 1966). As this court stated in Northwestern Bank v. Cortner, 275 So.2d 317 (Fla.2d DCA 1973), the burden is on the obligee to show that all of the conditions to the guarantor's liability had occurred or had been performed. See also 38 Am.Jur.2d Guaranty §§ 123, 991, 1129; 38 C.J.S. Guaranty § 99.
No proof of these essential elements of an open account claim for goods was offered by Heller as to the Weatherly claim. The only evidence suggesting the existence of any claim was a "statement of account" offered by Heller. Further, no evidence of delivery of any goods or materials by Weatherly to Heller was offered by Heller. In fact, Heller's employee, Stewart, specifically stated that she had no personal knowledge of whether any goods or materials were delivered. Additionally, there was no evidence offered that the amount claimed by Heller in its lawsuit represented either an agreed upon contract price of goods sold by Weatherly to Esquire or the reasonable value of such goods. Neither the statement nor the testimony of the Heller employee disclosed any valid underlying obligation owed or possessed by Heller against Esquire. Such proof lacking, there was shown no obligation for which Heller can hold Alderman liable on its guarantee.
REVERSED and REMANDED with instructions to enter judgment for Alderman.
OTT, Acting C.J., and DANAHY, J., concur.