507 So.2d 1130 (1987)
Joseph Thomas EVANS, Appellant,
v.
Joyce EVANS, Appellee.
No. BN-306.
District Court of Appeal of Florida, First District.
April 6, 1987.
Paula L. Walborsky, Tallahassee, for appellant.
Joel M. Cohen, Pensacola, for appellee.
BARFIELD, Judge.
The parties to this divorce appeal and cross-appeal claiming the trial judge was not fair to either of them. We conclude the trial judge erred in awarding the wife rehabilitative alimony for five years, but otherwise find no merit to the appeal.
Joseph Evans and Joyce Evans were married in 1969. The wife is a British national who met and married appellant while he was stationed in England with the U.S. Air Force. No children were born of the marriage. At the time of the divorce, the wife was 46 years old and the husband was 38 years old. The wife had an educational level comparable to a high school graduate; however, she suffered a disability due to injuries received during a World War II bombing raid. The wife suffered from asthma, which she controlled with medication. However, the condition did not interfere with her ability to work. Her major work experience while in England was as a factory worker.
Upon the couple's return to the United States, the husband held various jobs while completing college through night school. The wife also worked, making drapes in a local drapery shop. The husband decided to re-enter the armed services, obtaining a commission as a naval officer. Upon the husband's completion of OCS training in *1131 1980, the couple moved to Pensacola where the husband was assigned.
The wife did not work in Pensacola until the summer of 1985 when she obtained a part-time job, paying minimum wage, as a package store clerk. She expected to work herself into a permanent position when such a position came open. However, she did not expect any increase in her rate of pay as a result. The wife felt she was most suited for jobs in which she used her hands. While not averse to further education or training, she felt she would not earn more than $4.00 or $5.00 an hour as a result. She had no idea what kinds of jobs might be available to her as a result of any future education or training.
The record contains no substantive evidence that the wife will be "rehabilitated" in the five year period allotted by the trial judge. There is no evidence that the wife's employment potential will be any different in five years than it was at the time of the judgment. Mundy v. Mundy, 498 So.2d 538 (Fla. 1st DCA 1986). In Mundy this court spoke in terms of abuse of discretion. It appears that such use of rehabilitative alimony is more properly an error of law as being a remedy not available to the trial judge where there is no record evidence to support a consideration of rehabilitation. Abuse of discretion is the standard to apply when the amount or duration of rehabilitative alimony is questioned, given some evidence before the court of rehabilitation potential.
The record amply supports the need for alimony. We find no error in combining permanent and rehabilitative alimony, provided there is a factual basis and purpose for each. In this case it appears that the portion of alimony labeled rehabilitative for a term of five years is either purely arbitrary or is disguised permanent alimony which automatically reduces without regard to the circumstances of the parties at the end of five years.
The award of rehabilitative alimony is REVERSED and the case REMANDED to the trial court to reconsider the amount of permanent alimony.
SMITH and JOANOS, JJ., concur.