509 So.2d 1262 (1987)
James R. EVANS, Appellant,
v.
DELRO INDUSTRIES, INC., Appellee.
No. BM-233.
District Court of Appeal of Florida, First District.
July 10, 1987.
John P. Kuder of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Pensacola, for appellant.
Michael Guttman of Swann & Guttman, Pensacola, for appellee.
ZEHMER, Judge.
James Evans appeals a final judgment holding him liable to Delro Industries on his personal guarantee of the debts of Swimtime Pools, a corporation which is now bankrupt. We reverse upon a holding that Delro Industries failed to prove delivery, an essential element of this action based on an open account.
*1263 In the early 1970's, appellant and his brother, Ed Evans, worked for Swimtime Pools. Ed was general manager. James was the administrative dean at Pensacola High School and worked part-time as a salesman at Swimtime's Pensacola branch in the afternoons after school closed. In 1977 Ed and James formed a partnership and purchased Swimtime from its owners. James continued to work part-time after school and had limited participation in the management of the business. Delro had done business with Swimtime for a number of years and desired to continue doing business with Ed and James as the new owners. Mr. Rovelli, treasurer and a major stockholder of Delro, requested that James and Ed Evans complete a credit application and sign a personal guarantee for Swimtime's account, which both of them did in February 1977.
Swimtime Pools eventually went into bankruptcy and Delro sought to collect on Swimtime's account. Delro claimed the total amount due was $138,360.20 and the trustee in bankruptcy paid Delro $8,355.44 out of the assets of Swimtime, leaving an unpaid balance of $130,004.76. Delro then sued James Evans on his personal guarantee, claiming this amount due on a theory of open account.
At the conclusion of Delro's presentation of evidence at trial, appellant challenged the sufficiency of the evidence, contending that Delro failed to prove the three essential elements of an action on open account, citing Chase & Co. v. Miller, 81 Fla. 472, 88 So. 312 (1921) and Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc., 376 So.2d 22 (Fla. 2d DCA 1979). Those elements are: (1) that a sales contract existed between the creditor and debtor; (2) that the amount claimed by the creditor represents either the agreed on sales price or the reasonable value of the goods delivered; and (3) that the goods were actually delivered. Alderman, 376 So.2d at 24. Thereupon, Delro offered to introduce a series of invoices to prove these essential elements. Appellant stated that he had no objection to the introduction of the invoices, but he did object to Delro's recalling Rovelli to supply the missing evidence. But the trial court allowed Delro to recall Rovelli, who testified essentially that Delro published a price list every year, that Swimtime was allowed a discount off of this price and usually placed orders by telephone based on this price list, and that Delro delivered some merchandise directly to Swimtime, but most was shipped by carrier. Rovelli also stated that invoices were generated when a copy of the packing list was sent to the invoice department, meaning that invoices were not generated until the merchandise had been packed for shipment and, apparently, shipped. He testified that Swimtime had never questioned the amount of the balance on their open account, nor had Swimtime informed Delro that ordered goods had not been received.
The record does not reveal any dispute over Delro's responsibility for delivering ordered goods to Swimtime's place of business in Pensacola. Therefore, because Delro premised appellant's liability on the open account between Swimtime and Delro, it had the burden of proving actual delivery as a predicate to establishing that a certain sum was due and owing by Swimtime. Chase & Co. v. Miller, 88 So. 312; Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc., 376 So.2d 22.
We hold that Delro's evidence failed to establish that ordered goods purportedly covered by the open account were actually delivered to Swimtime. Although Delro proved, through Rovelli's testimony, that when an order was shipped to a customer, a copy of the packing list would usually be sent to the invoice department and the invoice department would usually prepare an invoice and send it to the buyer, Rovelli did not have personal knowledge of the actual shipments at issue in this case. The invoices he identified only proved that Swimtime was billed for certain goods known to have been packed for shipment, not that the goods were actually delivered in Pensacola. Rovelli had no personal knowledge either that the goods were delivered to the carrier, or that the carrier delivered the goods to Swimtime, and he did not so testify. *1264 Although bills of lading[1] relating to these goods were apparently in the possession of Delro's attorney, they were not introduced into evidence. Delro did not offer testimony from Swimtime employees or documents from Swimtime showing actual receipt of the goods. For reasons known only to Delro, it elected not to produce such evidence to establish delivery, presumably because it, too, would have failed to prove the essential element of delivery.
In Atlantic & Gulf Properties, Inc. v. Palmer, 109 So.2d 768, 771 (Florida 3d DCA 1959), the court held that:
[W]here there is such an insufficiency of evidence as to leave a material point in controversy uncertain, and such a point is covered by the pleadings, and it affirmatively appears that the additional evidence is available, and justice seems to require a more complete development of the rights of the parties under the law, the cause may be remanded with directions to take further evidence on such point.
We, however, find this rule inapplicable on the record before us. Here, Delro was apprised of the alleged insufficiency of proof of its cause of action and prevailed upon the trial court to permit it to reopen its case and adduce additional evidence. In these circumstances, the applicable rule is that stated in Apalachicola Northern R.R. Co. v. Tyus, 114 So.2d 33 (Fla. 1st DCA 1959), reversed on other grounds, 130 So.2d 580 (Fla. 1961):
When a cause is reversed for lack of evidence, a new trial cannot be awarded on the theory that some additional evidence might have been available at the former trial and will be presented on retrial, or that some such evidence may be found and will be presented on retrial, and that in either event there may be a different result upon the retrial. Absent very limited exceptions which do not appear in this case, we indulge a conclusive presumption that the litigants have presented all available, competent, and material evidence supporting their cause; and failure to do so is at their election and risk. Any other rule would only lead to chaos.
114 So.2d at 38-39 (emphasis in original). Delro's failure to offer additional evidence after being apprised of the deficiencies in its proof must be taken as meaning it had no additional evidence to offer in proof of this essential element.
Because the evidence is legally insufficient to prove Delro's cause of action, the judgment is reversed and the cause is remanded with directions to enter judgment for appellant.
We find it unnecessary to consider appellant's remaining points.
REVERSED and REMANDED.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] A bill of lading is "a document evidencing the receipt of goods for shipment issued by a person engaged in the business of transporting or forwarding goods," section 671.1-201(6), Florida Statutes (1985).