576 So.2d 852 (1991)
Elizabeth Joann WOLFF, Appellant,
v.
Henry Edward WOLFF, Appellee.
No. 90-2471.
District Court of Appeal of Florida, First District.
March 18, 1991.
Rehearing Denied April 19, 1991.
*853 Laura E. Keene and Barry W. Beroset of Beroset & Keene, Pensacola, for appellant.
Michael J. Pugh and Davis C. Holden of Smith, Sauer, Demaria, Pugh & Johnson, Pensacola, for appellee.
PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, the appellant/former wife raises two points on appeal. She argues, (1) that the trial court erred in designating the appellee/former husband as the primary residential custodian of the parties' minor child; and (2) that she should have been awarded permanent periodic alimony rather than rehabilitative alimony. We affirm as to the first point, but reverse and remand as to the second.
Extensive evidence was presented before the trial court regarding which of these parties should be designated the primary residential custodian of the parties' minor child. After a careful review of such evidence and the trial court's order, we cannot say that the trial judge abused his discretion in so designating the appellee. See Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975).
We find, however, that the trial court erred in awarding appellant rehabilitative alimony for one year, rather than the permanent periodic alimony she requested in her petition. The parties were married for fifteen years. With the exception of a very brief period of time during an earlier episode of marital difficulties and separation, the appellant has not worked outside the home, at the appellee's request. The appellant was working at the time of the final hearing, but her net salary was only $515 per month, and she had no reasonable prospects of earning substantially more in the future. On the other hand, the appellee has a long work history and is earning a salary of more than four times that earned by the appellant.
A rehabilitative alimony award must be based upon evidence that the receiving spouse has the capacity to develop or acquire the ability to become self-supporting in a measurable period of time. Burke v. Burke, 401 So.2d 921 (Fla. 5th DCA 1981). A person is not self-supporting, however, just because she has a job and an income, for the courts consider the receiving spouse's ability to support herself in a life-style similar to that enjoyed during the marriage. Askegard v. Askegard, 524 So.2d 736 (Fla. 1st DCA), rev. denied, 536 So.2d 243 (Fla. 1988). In this case, there is no evidence to suggest that after the expiration of the one-year rehabilitative period, the appellant's ability to support herself will be any different than it was on the date of the final hearing. Under these circumstances, the award of rehabilitative alimony was error. Askegard; Evans v. Evans, 507 So.2d 1130 (Fla. 1st DCA 1987).
The facts of this case indicate that permanent alimony should be awarded. Accordingly, we will remand to the trial court for an appropriate award of permanent periodic alimony. The trial court is authorized to take additional testimony as to a reasonable amount.
That portion of the final judgment of dissolution of marriage in which the wife was awarded rehabilitative alimony is reversed, and this cause is remanded to the trial court for the award of permanent periodic alimony. In all other respects, the final judgment is affirmed.
ERVIN, ALLEN and WOLF, JJ., concur.