PER CURIAM.
In this dissolution of marriage case the former husband challenges the judgment of the trial court asserting that the trial judge abused his discretion in awarding primary residential custody of the minor children to the former wife, abused his discretion in awarding the former wife a fifty percent share (50%) of the husband’s military retirement for 13 years of creditable service, and erred as a matter of law in making an open-end award of rehabilitative alimony.
We find no abuse of discretion in the distribution of retirement benefits and the determination of primary residential custody; however, we do find error in the award of rehabilitative alimony.
The provision for alimony contained in paragraph 11 of the final judgment reads as follows:
The wife shall be awarded rehabilitative alimony in the amount of $800.00 per months (sic) until the military retirement of the husband vests.
It appears the trial judge awarded rehabilitative alimony until such time as the husband retires from the Air Force and commences drawing his retirement. While this is certainly a reasonable construction of the provision on alimony, it is not clear from the judgment what would happen with respect to rehabilitative alimony should the husband not retire from the Air Force. At the time of final judgment, the retirement had not “vested.” That is, the husband did not have an entitlement to draw retirement at the time of the final judgment, and it cannot be said for certain that he will draw retirement at any time in the future. For example, the record reflects that he is not guaranteed more than 18 years of service and would require 20 years to retire.
We find no fault with the award of rehabilitative alimony until the wife becomes self-sufficient through receipt of her interest in retirement. Indeed, the husband makes no such challenge to the award, nor does the wife. We must remand the decision to the trial judge for clarification of the alimony award to address the potential, though remote, prospect of retirement not vesting.
AFFIRMED in part, REVERSED in part, and REMANDED to the trial court.
JOANOS, C.J., BARFIELD, J., and WENTWORTH, Senior Judge, concur.