PER CURIAM.
This is an appeal from a final judgment in an action for dissolution of marriage. The parties place at issue various aspects of the scheme of equitable distribution adopted by the trial court. Also in contention are specific characterizations of certain assets as either marital or non-marital.
We have carefully reviewed the materials presented by both parties. Even so, we cannot be sure that the final judgment as amended by a subsequent order accurately reflects the allocation of assets intended by the trial court and whether that allocation is supported by the evidence. For example, the final judgment lists assets in the sole name of the husband, deducts therefrom a mortgage and an additional amount for gifts made by the husband to his children from a prior marriage, and concludes with calculation of an amount of “non-marital” assets. Thereafter the court entered a post-judgment order changing this characterization from “non-marital” to “marital” assets. This result does not seem logically to follow from the factual premises which precede the characterization in the original order nor does it find support in the evidence.
The foregoing is but one example of the problems presented by the final judgment and the record in this case. Because of these difficulties, we reverse and remand. The trial court may take additional testimony or may rely on the record already made if sufficient to accomplish the following requirements. See 3 Fla.Jur.2d Appellate Review § 411.
The trial court shall address each of the applicable factors in section 61.075(l)(a) through (h), Florida Statutes (1991), in fashioning an equitable distribution. Assets and liabilities not included in lists of a particular class of items also shall separately be classified as marital or non-marital with an appropriate explanation by the trial court. See Walsh v. Walsh, 600 So.2d 1222, 1223 (Fla. 1st DCA 1992) (trial court’s lack of specific findings in dissolution action as to which assets and liabilities were marital and which were non-marital required reversal of order as to distribution thereof and remand for further proceedings).
Lastly, the final judgment shall separately address the following issues: temporary relief and whether court orders concerning required payments were complied with by appellant; the respective contributions of the parties to the marriage; and, such other factors as will permit this court to make an enlightened evaluation of the financial circumstances of each of the parties at the time of the marriage, at the conclusion of the marriage, and as envisioned by the final judgment.
REVERSED AND REMANDED.
GLICKSTEIN, C.J., LETTS and HERSEY, JJ., concur.