639 So.2d 697 (1994)
H & H DESIGN BUILDERS, INC., Appellant,
v.
TRAVELERS' INDEMNITY COMPANY, Appellee.
No. 93-2503.
District Court of Appeal of Florida, Fifth District.
July 15, 1994.
*698 Patrick A. McGee, of McGee, Perez & Powers, P.A., Orlando, for appellant.
Peter M. Bernhardt, of Barry L. Miller, P.A., Orlando, for appellee.
GRIFFIN, Judge.
This is the appeal of a final judgment entered in favor of Travelers' Indemnity Company ("Travelers") in an action for "open account." Because of defects in Travelers pleadings and proof, we reverse in part.
Travelers provided H & H Builders ("H & H") with workers' compensation insurance coverage for two annual policy periods pursuant to a written policy. The first policy period ran from June 29, 1988 to June 29, 1989, and the second ran from June 29, 1989 to June 29, 1990. The contract required H & H to pay an estimated premium at the beginning of each policy period which was based, in part, on estimates of the number of persons, including subcontractors, engaged in work for which Travelers would be liable for workers' compensation coverage. The final premium under the policy was to be calculated at the end of the policy period, using the employer's actual experience. Once this calculation was made, H & H was required to pay the difference if the final premium calculation was greater than the estimated premium previously paid by H & H. To facilitate calculation of the actual premium, the policy provided:
You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them. You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium.
H & H paid $4,474 in estimated premiums for the first policy period. It was later billed for an additional $4,683 in earned premiums for this period. For the second period, H & H paid an estimated annual premium of $6,020. At the end of this policy period, Travelers apparently tried to conduct an audit *699 but claims that H & H refused to provide the necessary records.
Travelers brought suit on an open account[1] in September 1991 to recover the $4,683 which remained unpaid for the original policy period. Attached to the complaint was an invoice showing total premium, premium paid and balance due. H & H moved to dismiss the complaint on the ground that the complaint and attachment did not state a claim for failure to pay an open account; rather, that the attachment was no more than a bill for premiums due pursuant to the parties' contract for insurance coverage.
This action was originally brought in county court, but in February 1992 Travelers filed a motion to transfer the action to circuit court. Travelers had apparently decided to add a claim for additional premiums allegedly due at the end of the second policy period. The court granted the motion to transfer, and Travelers filed an amended complaint in circuit court in March 1992. It also followed the "open account" form and sought damages in a lump sum of $15,847, apparently representing the $4,683 which remained unpaid for the original policy period, plus $11,164 for the second policy period, together with interest at the rate of twelve percent. The only attachment to the amended complaint for open account was a copy of an internal "premium record" showing $11,164.00 due for the "89/90" policy period.
H & H filed a second motion to dismiss, contending that the complaint failed to state a cause of action because there was no true statement of account attached to the complaint which would support an open account cause of action. The lower court granted the motion. Travelers then refiled a virtually identical second amended complaint, again seeking damages of $15,847 allegedly due on account since June 29, 1989. The attachment, however, was different. The new attachment was titled a "statement of account," dated October 31, 1991. It included the premiums claimed for both policy periods, showed amounts credited and the $15,847 net balance due. There was no detail showing the components of the calculation.
This time, instead of moving to dismiss the complaint, H & H denied the material allegations of the complaint and asserted as its sole affirmative defense that the complaint failed to state a cause of action because exhibit "A" attached to the complaint did not reflect either an open account relationship or the settlement of an open account.
The case proceeded to trial on March 1, 1993. Although it had not been alleged in the complaint, during his opening statement Travelers' counsel stated: "The evidence will show that the Plaintiff attempted in good faith to audit for the second year, however, the Defendant denied us access to their records in order to conduct the audit. Therefore, a bill for premium was rendered pursuant to Florida Statute on the estimate."
During trial, Travelers' counsel offered evidence, through a custodian of the records of Travelers' audit department, that an audit had been conducted for the first policy period, which showed that H & H owed $4,683 in additional premiums for this period. Concerning the second policy period, the records custodian was permitted, over objection, to testify that Travelers' had attempted to conduct an audit, but that H & H had failed and/or refused to provide the records necessary for the proposed audit. He then testified that Travelers closed out the account by tripling the estimated premium under the "Florida Statutes." At this point, Travelers' counsel asked the court to take judicial notice of section 440.381(8), Florida Statutes (Supp. 1990), which provides:
If an employer fails to provide reasonable access to payroll records for a payroll verification audit, the employer shall pay a premium to the carrier or self-insurer not to exceed three times the most recent estimated annual premium.
H & H's counsel immediately objected to the recovery of any premiums based on this statute, since it had not been pleaded by Travelers in its complaint and had not been referenced *700 in the pretrial compliance.[2] Upon questioning by the court, Travelers' counsel admitted that he had not learned that Travelers had used the statute as the basis to triple the estimated premiums until the Friday before trial and that, accordingly, he had not pled the statute nor mentioned it in his pretrial compliance. However, he argued that it was not necessary to plead the statute since it merely explained how Travelers calculated the amount shown on its "statement of account." The court agreed with Travelers that Travelers was entitled to proceed under the statute and took judicial notice of it.
H & H moved for involuntary dismissal at the close of Travelers' case in chief on several grounds, and reiterated that Travelers' sole cause of action was one based on an open account and that no such claim had been adequately pled or proved. Travelers contended that it had correctly pled and established the elements of an action for open account and that it was not required to bring an action for breach of contract. The lower court denied H & H's motion and entered final judgment in favor of Travelers on an open account in the principal amount of $15,847, plus costs and interest, for a total award of $19,165.41.
It is not as easy as it should be to identify what does  or does not  constitute a cause of action for "open account." Central Ins. Underwriters, Inc. v. National Ins. Finance Co., 599 So.2d 1371, (Fla. 3d DCA 1992), Robert W. Gottfried, Inc. v. Cole, 454 So.2d 695 (Fla. 4th DCA 1984). In commercial transactions, an "open account" should refer to an unsettled debt, arising from items of work or labor, goods sold and other open transactions not reduced to writing, the sole record of which is usually the account books of the owner of the demand. It should not include express contracts or other obligations that have been reduced to writing. Los Angeles County v. Continental Corp., 113 Cal. App.2d 207, 248 P.2d 157 (1952) (quoting People v. Magee, 41 Cal. App. 727, 183 P. 289 (1919). This was an action based on a written contract. Liberty Mutual Ins. Co. v. Scalise, 627 So.2d 87, (Fla. 1st DCA 1993). An obligation does not become an "open account" simply because the amount due under a contract requires calculation. An obligee under a contract cannot avoid the requirement of pleading and proving a cause of action based on a contract by placing its demand on a "statement of account" and mailing it to the obligor. We conclude, therefore, that H & H was correct in asserting the affirmative defense that Travelers' complaint failed to state a cause of action because the "statement" relied upon does not meet the requirements of an "open account."
Furthermore, even if it were arguable that this case was properly brought as an action on an open account, as H & H points out, Travelers' pleadings and proof, at least with respect to the second coverage period, was still inadequate. See Evans v. Delro Indus., Inc., 509 So.2d 1262 (Fla. 1st DCA 1987); Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc., 376 So.2d 22 (Fla. 2d DCA 1979). In order to state a valid claim on an open account, the claimant must attach an "itemized" copy of the account. Moore v. Boyd, 62 So.2d 427 (Fla. 1952). The statement of account attached to the complaint involved in this case stated only the lump-sum balance due claimed for each policy period, not the items on which the claim was based.
Nonetheless, we conclude that Travelers' failure to properly plead its claims does not require reversal of the final judgment in toto. After a favorable verdict for the plaintiff, a judgment should be subject to reversal for defect in pleading only if the defendant has been prejudiced by the error. Batlemento v. Dove Fountain, Inc., 593 So.2d 234, 238 (Fla. 5th DCA 1991) (citing Well-Bilt Products v. Liechty, 167 So.2d 84 (Fla. 2d DCA 1964), review denied, 601 So.2d 551 (Fla. 1992)).
Here, the legal and factual basis for the claim of $4,683.00 was apparent from the face of the pleading and was proved. With respect to the second coverage period, however, *701 Travelers never alleged or proved what services were actually delivered during this period or any evidence that the amount it was claiming represented a reasonable charge. Instead, its claim for this period was based solely on a statutory right to triple estimated premium pursuant to section 440.381(8), Florida Statutes (Supp. 1990) due to H & H's alleged failure to permit an audit. It is not necessary to plead a statute that a party intends to rely upon if facts pleaded are sufficient to bring the case within the statute. Barnett Bank of Jacksonville, N.A., v. Jacksonville Nat'l Bank, 457 So.2d 535, 541 (Fla. 1st DCA 1984). In this case, however, the pleading was wholly inadequate for this purpose. The claim for treble the estimated premium based on obstruction of an audit is clearly beyond the issues raised by the pleadings in this case. See Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561 (Fla. 1988).
We affirm the award relating to the liquidated amounts under the first policy period but reverse the award for the second policy period and remand for entry of an amended judgment.
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] The term "open account" is not used; however, the pleading tracks the "open account" form contained in Fla.R.Civ.P. 1.932.
[2] In fact, Travelers' pretrial compliance stated that it did not anticipate the need for statutes other than the evidence code.